```
UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
In re
    ROBERT H. FRITZINGER                         BK 14-12796 CLB
    DEBORAH D. FRITZINGER


                    Debtors            DECISION & ORDER
------------------------------------------------------

    EDWARD MELIA

                    Plaintiff          AP 18-01009 CLB

        v.

    ROBERT H. FRITZINGER
    DEBORAH D. FRITZINGER


                    Defendants
------------------------------------------------------
```

                        Harvey P. Sanders, Esq.
                        Sanders & Sanders
                        401 Maryvale Drive
                        Cheektowaga, NY 14225
                        Attorney for Plaintiff

                        James Michael Lennon, Esq.
                        Blair & Roach LLP
                        2645 Sheridan Drive
                        Tonawanda, NY 14150
                        Attorney for Defendants

Bucki, U.S.B.J.

During the pendency of this case in Chapter 13, the debtors executed a stipulation to extend the time to object to the discharge of a debt. Thereafter, the conversion of this case to Chapter 7 established a new deadline to challenge dischargeability. Now at issue is whether the earlier stipulation continues to apply even after conversion, so as to allow an adversary proceeding filed after the more recent deadline.

Robert and Deborah Fritzinger filed a joint petition for relief under Chapter 13 of the Bankruptcy Code on December 11, 2014. Pursuant to Bankruptcy Rule 4007(c), the

clerk of this Court then issued a notice advising creditors that April 6, 2015, was the deadline for filing complaints to challenge the dischargeability of certain debts. Meanwhile, on March 11, the debtors filed a motion under 11 U.S.C. § 522(f) to avoid the judgment lien of Edward Melia. In responding to this motion, Melia contended that the debtors had undervalued their homestead and that the Fritzingers might not be entitled to the full amount of their claimed exemption. Additionally, the opposition papers recited that "Mr. Melia intends to commence an Adversary Proceeding in this court . . . seeking a determination that [his claims] are not dischargeable in bankruptcy."

Prior to argument on the issue of lien avoidance, the respective counsel for Melia and the debtors undertook discussions regarding their dispute. Although these conversations did not settle the underlying conflict, they did result in stipulations that were memorialized in orders that the parties jointly presented to this Court. The first order approved a short extension of the time to object to dischargeability. Prior to the end of that initial extension, the parties submitted a second stipulation that this Court approved in an order dated May 20, 2015. In relevant part, the Order directed "that the deadline for Edward Melia, his successors or assigns ('Melia'), to file objections to discharge, including commencing an adversary proceeding to determine the dischargeability of a debt, is extended to 30 days after the Debtor's pending Motion to Vacate/Value the lien of Melia is either withdrawn, dismissed, or adjudicated either by stipulation or order."

For purposes of deciding the present dispute, we need not describe the unusually extended proceedings that continued for more than a year without confirmation of a Chapter 13 plan. After multiple postponements, the debtors' motion to avoid the lien of Edward Melia was adjourned to February 2, 2016, for the same time that the Court heard argument on a motion by the Chapter 13 trustee to dismiss the case. In response

to the dismissal motion, the debtors requested a short opportunity to convert the case to Chapter 7.  The Court ruled that unless the debtors moved to convert the case by February 29, the trustee's motion would be granted.  In the context of this potential dismissal, no action was taken on the motion for lien avoidance.  An order dismissing the Chapter 13 case was thereafter entered on March 4, 2016.  Five days later but within the time allowed by Bankruptcy Rule 9023 and Rule 59 of the Federal Rules of Civil Procedure, the debtors moved to convert this case to a proceeding under Chapter 7.  Accordingly, the Court granted an order of conversion on March 11, 2016.  On that same date, the Bankruptcy Clerk issued to all creditors an amended notice that included an advisement that set June 20, 2016, as the new deadline to challenge the dischargeability of debts.

On April 12, 2018, Edward Melia commenced the present adversary proceeding whereby he seeks a judgment declaring that his claim against the debtors is a non-dischargeable obligation under 11 U.S.C. § 523(a)(2) and (6).  In response, the debtors have filed a motion to dismiss on grounds that the complaint was untimely under Bankruptcy Rule 4007.  The creditor counters that any deadline was extended by stipulation of the parties.

Bankruptcy Rule 4007(c) states the general rule, that "a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)."  When a previously unconverted case converts from Chapter 13 to Chapter 7, Bankruptcy Rule 1019(2) provides that "[a] new time period for filing . . . a complaint to obtain a determination of dischargeability of any debt shall commence under Rules 1017, 3002, 4004, or 4007."  In the present instance, the first meeting of creditors in Chapter 7 was set for April 19,

2016. Because the sixtieth day thereafter was a Saturday, creditors were advised that they would need to challenge the dischargeability of debts by Monday, June 20, 2016.

Edward Melia filed his complaint more than twenty-one months after the second deadline to file an objection to dischargeability. His complaint would therefore be late, unless the applicable time limit was properly extended. Bankruptcy Rule 4007(c) speaks to this issue as follows: "On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired." Here, the motion to extend time was filed on April 27, 2015, prior to the applicable deadline in either Chapter 13 or Chapter 7. The debtors contend, however, that the extension has application only to the first of these limits, and that the conversion to Chapter 7 established a new deadline for which no extension was ever granted. We disagree.

By its order dated May 20, 2015, this Court approved a proper stipulation extending time. This stipulation directed that the deadline for Edward Melia to challenge the dischargeability of his claim "is extended to 30 days after the Debtor's pending Motion to Vacate/Value the lien of Melia is either withdrawn, dismissed, or adjudicated either by stipulation or order." Through inadvertence or oversight, the debtors' motion to vacate Melia's lien was never restored to the Court's calendar after the order of dismissal in Chapter 13 was vacated. Nonetheless, nothing precludes the debtors from reinstating their motion. Because no stipulation or order has declared the withdrawal, dismissal or adjudication of the motion to vacate lien, the stipulation extending the time to challenge dischargeability remains in effect.

For the reasons stated here, the defendants' motion to dismiss the adversary proceeding is denied.

So ordered.

/s/ Carl L. Bucki

Dated: July 24, 2018         ------------------------------------------------
       Buffalo, New York         Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.